IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------------x
In re                                    )  Chapter 11
                                         )
GARDEN RIDGE CORPORATION,                )  Case No. 04-10324 (KJC)
et al.,                                  )
                                         )  Jointly Administered
                  Debtors.               )
---------------------------------------------------------------x
                                         )
PETER CHRISTIAN ROPER,                   )  Civil Action No. 06-555 (GMS)
                                         )  Civil Action No. 06-723 (GMS)
                  Appellant,             )
                                         )
         v.                              )
                                         )
GARDEN RIDGE CORPORATION, et al.         )
                                         )
                  Appellees.             )
---------------------------------------------------------------x
```

**REPLY OF APPELLEES GARDEN RIDGE CORPORATION, ET AL. TO APPELLANT'S OBJECTION TO MOTION OF APPELLEES GARDEN RIDGE CORPORATION, ET AL. FOR AN ORDER (I) TO DISMISS APPEALS, AND (II) FOR AN AWARD OF DAMAGES PURSUANT TO APPELLATE RULE 38 AND BANKRUPTCY RULE 8020**

The appellees in the above captioned proceedings (collectively, the "Debtors" or the "Appellees"),[1] hereby reply (the "Reply") to the objection (the "Objection") of appellant Peter Christian Roper ("Roper" or the "Appellant"), to the Debtors' motion (the "Motion") for an order (i) dismissing the Appeals, (ii) determining that the Appeals are frivolous and malicious within the meaning of 28 U.S.C. § 1915(e)(2)(B), Bankruptcy Rule 8020, and F.R.A.P. 38, and (iii) awarding the Debtors just damages and double costs. In support of the Reply, the Debtors respectfully state as follows:

---

[1] The Debtors are Garden Ridge Corporation ("GR Corporation"), Garden Ridge Investments, Inc. ("GR Investments"), Garden Ridge Management, Inc. ("GR Management"), Garden Ridge Finance Corporation ("GR Finance"), Garden Ridge, L.P. ("GR L.P."), and Garden Holdings, Inc. ("Holdings"). Capitalized terms not defined herein shall have the meanings provided to them in the Motion.

## **REPLY**

1.     By the Motion, the Debtors contend that the Appeals must be dismissed as frivolous and malicious because, among other things, Roper has: failed to make any intelligible assertion of liability against the Appellees; failed to supplement his claims with any tangible, sensible assertion of liability; and failed to make even a minimal effort to comply with the appellate rules in prosecuting his Appeals.

2.     Roper filed both Appeals after the ten-day period mandated by Rule 8002(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). See also In re Universal Minerals, 755 F.2d 309 (3d Cir. 1985). The Debtors contend in the Motion that Roper did not comply with this rule, and did not seek any extension of this deadline pursuant to Bankruptcy Rule 8002(c), therefore depriving this Court of any jurisdiction to hear the Appeals. In the Objection, Roper did not attempt to explain or justify these procedural defects in the Appeals that would potentially allow for the enlargement or extension of Roper's deadlines to file the Appeals.

3.     Further, Roper failed to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented as required by Bankruptcy Rule 8006. Roper has still not filed any such designation of the record or statement of issues. Thus, by the Motion, the Debtors seek dismissal of the Appeals pursuant to Bankruptcy Rule 8001(a). In the Objection, Roper did not attempt to describe or clarify any issues for which he seeks review by the Appeals, did not attempt to set forth any cogent legal or factual reason why the Orders entered by the Bankruptcy Court should be reviewed or could even conceivably be considered error, and did not provide any basis or reason for which he should be granted relief from the obligation to file a designation of the record or statement of issues.

4.     Indeed, Roper did not respond to any of the issues raised by the Debtors in the Motion. Rather, the Objection is truly "more of the same" – indeed, most of the Objection is

composed of exactly the same nonsensical "cut and paste" documents from other lawsuits filed by Roper with scribbled handwritten notes in the margins. Based on Roper's continued failure to provide any documentation or argument that would give rise to even a colorable claim, the Appeals must be dismissed and an order of damages should issue.[2]

5.  Simply put, the Objection merely underscores the baselessness of the Appeals and, as such, the Motion should be granted in all respects.

## ROPER'S REQUEST FOR A JURY TRIAL SHOULD BE DENIED

6.  Contemporaneously with the Objection, Roper also filed a jury demand pursuant to the Seventh Amendment of the U.S. Constitution. However, the Supreme Court has ruled that "a creditor who submits a proof of claim against the bankruptcy estate has no right to a jury trial on issues raised in defense of such a claim." Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242, 1250 (3d Cir. 1994), citing Langenkamp v. Culp, 498 U.S. 42, 45 (1990). The genesis of this entire dispute is the proof of claim that Roper filed in the Debtors' bankruptcy cases. Thus, the Debtors submit that a jury trial regarding the Motion is neither appropriate nor required, and Roper's request should be denied.

7.  Further, the right to jury trial in a civil action exists only where there is some genuine issue of material fact to be determined. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979); Christensen v. Ward, 916 F.2d 1462, 1466 (10th Cir. 1990). The dismissal of Roper's Appeals as devoid of any merit, for failure to properly invoke the jurisdiction of this Court, and on the basis of Roper's failure to comply with the Bankruptcy Rules does not implicate

---

[2] Notably, the proceeding from which Roper copied the relevant pleadings at issue in the present case has likewise been dismissed. See Roper v. Jo-Ann Stores, Case No. 04-CV-09654 (Fed. Cir. January 9, 2007), a copy of which is annexed hereto as Exhibit A. In Roper v. Jo-Ann Stores, the Federal Circuit Court ruled that "even if Roper's amended complaint had been meritorious, the district court properly dismissed it when he failed to file any opposition to Jo-Ann's motion to dismiss." Id. Nonetheless, the court considered the merits of the underlying copyright and trademark infringement claims Roper raised in the Jo-Ann case, which are nearly identical to the claims he asserts against the Debtors, and found them to be substantively baseless. Id.

issues of fact. Because the Motion requires resolution of only questions of law (i.e., whether Roper's appeals are procedurally improper or are frivolous), the Seventh Amendment would not be offended by the Court granting the Motion without jury consideration. See Itel Corp. v. Cups Coal Co., Inc., 707 F.2d 1253, 1260-61 (11th Cir. 1983); See also Pease v. Rathbun-Jones Engineering Co., 243 U.S. 273, 278 (1917) (holding that a party invoking the jurisdiction of the court "submits himself to be governed by the fixed rules which regulate the court") (internal quotations omitted). The Orders entered by the Bankruptcy Court that give rise to the instant Appeals are (i) an order disallowing and expunging Roper's proof of claim on the bases that the claim was filed after the applicable bar date and that Roper failed to provide any documentation supporting his claim; and (ii) an order denying reconsideration of the Order on the basis that Roper failed to appear at scheduled hearings for reconsideration and failed to present any evidence to support a motion for reconsideration. No factual issues were presented to the Bankruptcy Court, nor are any issues of material fact implicated by the Motion; rather, the Motion simply addresses the frivolous nature of the Appeals and Roper's failure to prosecute the Appeals. Accordingly, no jury trial is required or appropriate with respect to the Appeals.

**[CONTINUED ON NEXT PAGE]**

## CONCLUSION

WHEREFORE, for all of the reasons set forth in the Motion and above, the Debtors respectfully request that this Court enter an order (i) dismissing both of the Appeals, (ii) determining that the Appeals are frivolous and malicious within the meaning of 28 U.S.C. § 1915(e)(2)(B), Bankruptcy Rule 8020, and F.R.A.P. 38, (iii) awarding the Debtors just damages and double costs, and (iv) granting such other and further relief as this Court deems necessary and proper under the circumstances.

Dated: Wilmington, Delaware　　　YOUNG CONAWAY STARGATT & TAYLOR, LLP
　　　　　February 19, 2007

Pauline K. Morgan (Delaware Bar No. 3650)
Joseph M. Barry (Delaware Bar No. 4221)
Sean T. Greecher (Delaware Bar No. 4484)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Attorneys for the Debtors/Appellees

# **Exhibit A**

DB01:2312816.1                                                                                                    062883.1001

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1575

PETER CHRISTIAN ROPER,

          Plaintiff-Appellant,

v.

JO-ANN STORES, INC.,

          Defendant-Appellee.

Peter Christian Charles Roper, of Douglas, Arizona, pro se.

Thomas F. Zych, Thompson Hine LLP, of Cleveland, Ohio, for defendant-appellee.

Appealed from:  United States District Court for the Central District of California

Judge A. Howard Matz

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1575

PETER CHRISTIAN ROPER,

            Plaintiff-Appellant,

v.

JO-ANN STORES, INC.,

            Defendant-Appellee.

---

DECIDED: January 9, 2007

---

Before LINN, DYK, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

  Peter Christian Roper ("Roper") appeals from a final judgment of the United States District Court for the Central District of California ("district court") dismissing his action for patent and copyright infringement against Jo-Ann Stores, Inc. ("Jo-Ann"). <u>Roper v. Jo-Ann Stores, Inc.</u>, No. 04-CV-09654 (C.D. Cal. May 6, 2005) ("<u>Civil Minutes</u>"). Because Jo-Ann's motion to dismiss was granted as unopposed, and because the district court correctly determined that Roper's First Amended Complaint fails to state a claim upon which relief may be granted, we <u>affirm</u>.

## DISCUSSION

  We review the district court's dismissal of an action for failure to state a claim without deference. <u>Univ. of W. Va. Bd. of Trs. v. Vanvoorhies</u>, 278 F.3d 1288, 1295

(Fed. Cir. 2002). "Dismissal is proper" when, "after drawing all reasonable inferences in the appellant's favor, it is clear that the appellant can prove no set of facts consistent with his claim that would entitle him to relief." Id. Thus, contrary to Roper's arguments, the Seventh Amendment provides a right to a jury trial only where a plaintiff has demonstrated a triable issue of fact. Fidelity & Deposit Co. of Md. v. United States, 187 U.S. 315, 319–320 (1902). For the reasons that follow, we conclude that dismissal was proper.

       1.     Failure to Oppose Jo-Ann's Motion to Dismiss

As a preliminary matter, we observe that under the Local Rules of the U.S. District Court for the Central District of California, as under many courts' local rules, a party who fails to oppose a motion may be deemed to consent to the granting of that motion. Thus, even if Roper's amended complaint had been meritorious, the district court properly dismissed it when he failed to file any opposition to Jo-Ann's motion to dismiss. This, standing alone, is sufficient grounds for affirmance. However, perhaps because Roper is proceeding pro se, the district court also considered the motion on the merits, and so shall we.

       2.     Patent Infringement

Roper first alleges that Jo-Ann has infringed his U.S. Patent No. 4,713,909 ("the '909 patent"). "Literal infringement of a claim exists when each of the claim limitations 'reads on,' or in other words is found in, the accused device." Allen Eng'g Corp. v. Bartell Indus., 299 F.3d 1336, 1345 (Fed. Cir. 2002). In this case, even if all the alleged facts are taken as true, they would not support a finding that Jo-Ann's accused products infringe either independent claim of the '909 patent. Both claims of the patent require

multiple "vertically spaced" "sections" or "layers," wherein plants can grow. The accused product is simply a block of rigid green foam, into which a customer can insert flowers in an arrangement. Even if we assume that Jo-Ann's floral foam could, in principle, support growing plants, it completely fails to meet any of the structural limitations of the claims of the '909 patent. It therefore cannot infringe, and dismissal of Roper's patent infringement claims was proper.

### 3. Copyright Infringement

Roper also alleges that Jo-Ann has infringed his copyrights on various written works. As with his patent infringement claim, the connection between Roper's purported intellectual property and Jo-Ann's activities is far too tenuous to support an infringement claim. Jo-Ann's commercial advertising for floral foam, expressing simple descriptions and images of floral arrangements, cannot, as a matter of law, infringe the copyrights on Roper's works on plant cultivation. To the extent that Roper's complaint challenges not Jo-Ann's advertising, but rather alleged similarities between Jo-Ann's floral foam and Roper's ideas, we echo the district court's observation that "copyright protects only an author's expression of an idea and not the idea itself." Landsberg v. Scrabble Crossword Game Players, Inc., 736 F.2d 485, 488 (9th Cir. 1984). Dismissal of the copyright claims was proper.

### 4. Discrimination

In addition to his infringement claims, Roper alleges that the district court (and possibly Jo-Ann) discriminated against him on the basis of race. These allegations are without merit. The district court correctly analyzed Roper's claims and properly

concluded that they lacked merit; we have every confidence that the decision would have been the same regardless of his race.

### 5. Sanctions

Finally, Jo-Ann argues that Roper's appeal should be sanctioned as frivolous. However, although Jo-Ann cites to Fed. R. App. P. 38, it neglects to note that sanctions may only be awarded "after a separately filed motion"—not after a request in an appellate brief—or after "notice from the court and reasonable opportunity to respond." Neither condition applies here, and we conclude that action to impose sanctions is unwarranted.

### CONCLUSION

We have considered Roper's remaining arguments and find them to be without merit. Accordingly, the district court's dismissal is affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GARDEN RIDGE CORPORATION, | ) | Case No. 04-10324 (RB) |
| *et al.*, | ) | |
| Debtors. | ) | (Jointly Administered) |

### CERTIFICATE OF SERVICE

I, Sean T. Greecher, Esquire hereby certify that I am not less than 18 years of age and that on February 19, 2007, I caused a copy of the attached pleading, to be served, via first class mail, on the parties on the attached service list.

_____
Sean T. Greecher (No. 4844)

DB01:1469321.9

**SERVICE LIST**
**Garden Ridge Corporation**
**2/19/2007**

Peter C. Roper
127 West Baseline Street
San Bernardino, CA 92410
*First Class Mail*

Peter C. Charles Roper
156 Albert St., Apt. 20
c/o 158 Albert St., - Office
Las Vegas, NV 89109
*First Class Mail*

Peter C. Roper
1550 Wilcox Street, Room No. 205
Hollywood, CA 90028
*First Class Mail*

Peter C. Roper
1386 21st Street
Douglas, AZ 85607
*First Class Mail*